IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| RICHELLE D. WALLACE, <br>     Plaintiff, | ) <br> ) <br> ) |
|             v. | )     Civil Action No. 3:23cv25 (RCY) <br> ) |
| CITY OF HAMPTON, *et al.*, <br>     Defendants. | ) <br> ) <br> ) |

**MEMORANDUM OPINION**

This is a civil rights and discrimination lawsuit brought by *pro se* Plaintiff Richelle D. Wallace against the City of Hampton, the City of Hampton Fire and Rescue Department, and various individuals employed by these entities (collectively, "Defendants").[1] The matter is before the Court on the Defendants' Motion to Transfer to the Newport News Division (ECF No. 6), filed on March 7, 2023. Plaintiff requested an extension to respond to Defendants' Motion and their simultaneously filed Motion to Dismiss, which the Court granted, giving Plaintiff until May 12, 2023 to file her responses. Order, ECF No. 10. On May 15, 2023, Plaintiff filed her Responses (styled as "Objections", *see* ECF Nos. 15–17) to Defendants' Motions. Defendants replied on May 22, 2023 (ECF Nos. 18, 19), and the matter is thus ripe for review. The Court dispenses with oral argument, finding that it would not aid in the decisional process. Fed. R. Civ. P. 78.

For the reasons set forth below, the Court will grant Defendants' Motion to Transfer.

**I. STANDARD OF REVIEW**

At the district level, venue is proper either (1) in a district where any defendant resides, if

---

[1] On May 15, the Court issued a Show Cause Order directing Plaintiff to show cause why her claims against Defendants Robert A. Brylewski and David Layman should not be dismissed for failure to serve within the 90 days provided by Fed. R. Civ. P. 4(m). *See* Order, ECF No. 14. One day after the show cause deadline, Plaintiff filed a response requesting additional time to serve Defendants Brylewski and Layman and also requesting that the Court order the appearing-Defendants to provide current addresses for the unserved Defendants, so that service might be effected. Reply to Show Cause, ECF No. 21. Given the impending transfer of venue, the undersigned leaves to the discretion of the receiving Court whether to grant Plaintiff's request, or not.

all defendants are residents of the state in which that district is located; (2) a district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) a district in which any defendant is subject to the Court's personal jurisdiction, if neither (1) nor (2) apply.  28 U.S.C. § 1391.  This is not the end of the analysis, however, as venue must also be proper in the particular division within the District in which a plaintiff files.  *See* E.D. Va. Local Civ. R. 3(C) ("Civil actions for which venue is proper in this district shall be brought in the proper division, as well.").  In determining the proper division in which an action shall be filed, the district-level venue rules stated in 28 U.S.C. § 1391 also apply, albeit with the substitution of the word "division" for "district" in venue options (1)–(3) above.  *Id*.

When a plaintiff files suit in the wrong district or division, the district court may transfer such case to any district or division in which it could have been brought.  28 U.S.C. § 1406.

## II. ANALYSIS

Plaintiff's claims stem from her time spent employed by the City of Hampton Fire and Rescue Department and the fallout from Defendants' termination of her employment.  *See generally* Complaint, ECF No. 1.  On the face of the Complaint, there is no nexus between Plaintiff's claims and the Defendants and the Richmond Division of the Eastern District of Virginia,[2] and none of the possible qualifications for proper venue appear to apply for the Richmond Division.

To begin with, Defendants are certainly not all residents of the Richmond Division, given the presence of the City of Hampton and the City of Hampton Fire and Rescue Department as Defendants.  Second, Plaintiff's claims arise from her employment by and in the City of Hampton,

---

[2] Plaintiff is correct that the Eastern District of Virginia encompasses Richmond, but that is not the end of the venue analysis.

which lies outside of the Richmond Division. *See* E.D. Va. Local Civ. R. 3(b)(4) (listing the counties and cities encompassed by the Richmond Division). Thus, a "substantial part of the events or omissions giving rise to [Plaintiff's] claim[s]" did not occur in the Richmond Division. Third, nothing on the face of the Complaint suggests that Defendants are subject to this Court's personal jurisdiction in connection with Plaintiff's claims, again given their lack of nexus to the geographic area encompassed by the Richmond Division. Accordingly, none of the three possible avenues for laying venue in Richmond are available to Plaintiff, and venue is thus improper in this division.

Venue does, however, appear proper in the Newport News Division. The City of Hampton lies in the Newport News Division of the Eastern District of Virginia, not the Richmond Division. E.D. Va. Local Civ. R. 3(C)(2). Thus, even though the question of whether all Defendants reside in the Newport News Division is as-yet unsettled,[3] it is apparent on the face of the Complaint that a "substantial part of the events or omissions giving rise to [Plaintiff's] claim[s]" occurred in the Newport News Division, inasmuch as they occurred in the City of Hampton.

### III. CONCLUSION

Because venue properly lies in the Newport News Division of the Eastern District of Virginia under the second prong of § 1391(b), and because there is no basis for venue in the Richmond Division, the Court will exercise its discretion pursuant to 28 U.S.C. § 1406 and transfer the case to the Newport News Division.

An appropriate Order shall issue.

/s/ _____
Roderick C. Young
United States District Judge

Richmond, Virginia
Date: June 5, 2023

---

[3] Plaintiff's request that Defendants provide the current home addresses of Defendants Brylewski and Layman (*see* ECF No. 21) leaves open the possibility of their residence outside of the Newport News Division.